IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARRELL J.,[1] | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:21-cv-00325 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration, | ) By: Elizabeth K. Dillon<br>) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darrell J. brought this action for review of the final decision made by defendant, Commissioner of Social Security, denying his application for supplemental security income (SSI) under the Social Security Act. (Compl., Dkt. No. 2.) Both plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 14, 16), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On September 2, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 18.) Plaintiff filed objections on September 16, 2022. (Dkt. No. 19.)

After de novo review of the pertinent portions of the record, the R&R, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–9.) Briefly, the Administrative Law Judge (ALJ) determined that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, diabetes mellitus, hypertension, obstructive sleep apnea, gout, obesity, and dysfunction of the major joints, right shoulder. (Tr. 17.) These impairments, the ALJ reasoned, do not meet or medically equal a listed impairment. The ALJ did not find that plaintiff had any severe mental impairments.

The ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work, except that he can lift/carry twenty pounds occasionally and ten pounds frequently; sit, stand, and walk for six hours each in an eight-hour workday; push/pull as much as he can lift/carry; and climb ramps and stairs, balance, stoop, kneel, crouch, and crawl occasionally. The ALJ further found that plaintiff should never climb ladders, ropes, or scaffolds, but he can occasionally work at unprotected heights. (Tr. 23.)

The ALJ concluded that plaintiff cannot perform any past relevant work, but he can perform other jobs that exist in significant numbers in the national economy, such as cashier, deli cutter, and cafeteria attendant. (Tr. 28–29.) Therefore, the ALJ found that plaintiff was not disabled. (Tr. 29–30.)

## II.  DISCUSSION

### A. Standard of Review

This court's review of the ALJ's underlying decision is limited.  *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

### B. Darrell J.'s Objections to the R&R

In his summary judgment brief, plaintiff argued that the ALJ's assessment of his physical impairments, RFC, and subjective allegations was not supported by substantial evidence.  (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 15.)  In many if not most respects, plaintiff's objections to the R&R are a restatement of his summary judgment arguments.  "As the court has

stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following objections.

Plaintiff argues that the R&R wrongly concluded that the ALJ performed the required analysis of plaintiff's functional capacity. According to plaintiff, the ALJ's evaluation was lacking because it contains only four paragraphs summarizing 850 pages of medical evidence in the record. Thus, plaintiff argues that the ALJ was cherry-picking evidence to support a finding that plaintiff is not disabled and minimizing evidence showing that plaintiff's impairments were severe. Plaintiff's argument focuses on a section in the ALJ's decision with a subheading labeled "Medical Evidence. (Tr. 24–25.) This argument ignores the ALJ's discussion of medical evidence in other parts of his decision. (*See, e.g.*, Tr. 19 (citing Exhibits C4F through C7F and C9F); Tr. 21–22 (discussing medical evidence in relation to whether plaintiff meets or equals a listed impairment); Tr. 26–28 (discussing opinion evidence).) In any event, a fair reading of the ALJ's decision demonstrates that he was not ignoring significant evidence. For example, plaintiff argues that the ALJ ignored evidence of decreased range of motion in his right shoulder. The ALJ did cite evidence about decreased range of motion (*see* Tr. 24 (citing Exhibit C1F, Tr. 336 ("PE showed diffuse TTP to the right shoulder and decreased ROM due to pain"))), but then went on to discuss evidence in the record showing full range of motion in the right shoulder (*see* Tr. 24). Overall, the ALJ summarized the medical testimony and the hearing testimony and explained the level of work plaintiff could perform given his impairments.

Plaintiff also argues that the R&R erred in concluding that the ALJ made adequate findings as to the severity of plaintiff's impairments, including his lumbar radiculopathy, chronic left hip arthritis, and patellofemoral arthritis. First, as the R&R explained, the ALJ adequately addressed these impairments. The ALJ stated, for example, that plaintiff's arthritis was non-severe because he "does not have persistent deformity or inflammation in one or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively; or inflammation or deformity in one or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively." (Tr. 21–22.) Second, any perceived error in finding an impairment non-severe is harmless if the ALJ considers the impairment at later stages in the analysis. *See Miller v. Astrue*, No. 8:10-1142-HMH-JDA, 2011 WL 1576203, at *15 (D.S.C. Apr. 2, 2011) ("Thus, the issue of whether or not a particular impairment is found severe is only critical if the ALJ finds no severe impairment and ends the analysis at step two; if any impairment is severe, the ALJ must consider all impairments when assessing residual functional capacity."). The ALJ considered all of plaintiff's impairments, severe and non-severe, in formulating plaintiff's RFC.

Finally, plaintiff argues that the ALJ erred in assessing his activities of daily living, requiring remand under cases such as *Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251 (4th Cir. 2017), and *Arakas v. Comm'r of Soc. Sec.*, 983 F.3d 83 (4th Cir. 2020). The ALJ discussed plaintiff's daily activities of laundry, household tasks, grocery shopping, cooking, walking his dogs, exercise, and care of his teenage daughter and family pets. (Tr. 26.) The court agrees with the R&R that the ALJ "did not rely on minimal daily activities for the finding of non-disability, but used [plaintiff's] daily activities as a factor in his assessment of [plaintiff's] subjective allegations." (R&R 18.) *Brown* and *Arakas* are therefore distinguishable.

## III. CONCLUSION AND ORDER

After a review of the plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 18) is ADOPTED;

2. Plaintiff's objections (Dkt. No. 19) are OVERRULED;

3. The Commissioner's motion for summary judgment (Dkt. No. 16) is GRANTED;

4. Plaintiff's motion for summary judgment (Dkt. No. 14) is DENIED; and

5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: September 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge